## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>vs.<br><br>**PETER ROY RABAGO,**<br>DOB: 01/04/1967 or 04/23/1972<br><br>Defendant. | **Criminal Case No. CM0039-19**<br>**GPD Report No.: 19-01841**<br>**Criminal Case No. CM0293-18**<br>**GPD Report No.: 18-19178**<br><br><br>**DECISION AND ORDER**<br>**GRANTING THE PEOPLE'S MOTION**<br>**TO REVOKE PROBATION** |

This matter came before the Honorable Dana A. Gutierrez on August 2, 2024 for a hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke Probation"). Present in person were Defendant Peter Roy Rabago ("Defendant"); Assistant Public Defender Christian Spotanski representing Defendant; Assistant Attorney General Charles Burton Carsey representing the People of Guam (the "People"); and Probation Officer Emorie Martinez. Based on the parties' oral arguments, the record in this matter and applicable law, the Court **GRANTS** the People's Motion to Revoke Probation.

### FACTUAL BACKGROUND

1.      On April 18, 2019, the Defendant pled guilty to VIOLATION OF A COURT ORDER (As a Misdemeanor) in CM0039-19 and HARASSMENT (As a Petty Misdemeanor) in CM0293-18. Judgment of Conviction (Guilty Plea Agreement) (June 10, 2019).

2.      The Defendant was sentenced as follows:

As to the charge of VIOLATION OF A COURT ORDER (As a Misdemeanor) in CM0039-19, Defendant is sentenced to serve **one (1) year of imprisonment** at the Department of Corrections, Mangilao, **all but twenty (20) days suspended**, with credit for time served.

As to the charge of HARASSMENT (As a Petty Misdemeanor) in CM0293-18, Defendant is sentenced to serve **sixty (60) days of**

> **imprisonment** at the Department of Corrections, Mangilao, all suspended, with credit for time served, to be served concurrent with above sentence.

*Id.*

3. On January 27, 2021, the Adult Probation Services Division ("Probation Office") filed a 1st Violation Report alleging that:

> 1) The probationer failed to report to the Probation Office once a month as ordered. The probationer last reported on October 4, 2019.
> 2) The probationer failed to report to Client Services & Family Counseling (CSFC) for intake/assessment.
> 3) The probationer failed to report to Guam Behavioral Health & Wellness Center (GBHWC) for intake/assessment.
> 4) The probationer failed to make any payments towards his $80.00 court cost.

1st Violation Report (Jan. 27, 2021).

4. On March 2, 2021, the Court issued a Summons for the Defendant to appear at a hearing on March 19, 2021 to answer to the 1st Violation Report. Summons (March 2, 2021). An Affidavit of Non-Service of the Summons was filed reflecting that service was not effectuated despite a residence check being conducted at the address provided by the Defendant. Aff. of Non-Service (March 12, 2021).

5. At the March 19, 2021 Violation Hearing, due to the filing of the 1st Violation Report, the Affidavit of Non-Service of the Summons and the lack of contact between the Probation Office and the Defendant, the Court issued a Bench Warrant and set bail at $500.00. Bench Warrant (March 19, 2021).

6. On February 28, 2022, the Defendant was located and returned to the Court. The Return of Warrant indicated that Defendant was arrested pursuant to his Bench Warrants in this case and CM0069-18. Return of Warrant (Feb. 28, 2022). The Court committed the Defendant pending hearing on the Return of Warrant.

7. At the Return of Warrant hearing on March 1, 2022, the Defendant informed the Court that he did not have a good excuse and agreed to an extension of his probation in order to show his compliance with the terms of his probation upon release. The Court released the Defendant and instructed him to check in with the Probation Office the following day upon release. A Status Hearing was scheduled for April 22, 2022. Minute Entry (March 1, 2022).

2

8.     On April 22, 2022, Defendant failed to appear at the scheduled Status Hearing. As a result, the Court issued a Summons for Defendant to appear for a Continued Status Hearing to be held on May 6, 2022. On May 3, 2022, Defendant was served the Summons. Affidavit of Service (May 3, 2022).

9.     On May 3, 2022, the Probation Office filed a 2nd Violation Report alleging that:

> 1) The probationer failed to report to the Probation Office once a month, as instructed. The probationer last reported on March 17, 2022.
> 2) The probationer failed to attend and complete intake/assessment with Client Services & Family Counseling (CSFC). Mr. Rabago was a "no show" for a scheduled intake on March 23, 2022 and failed to report back to date.
> 3) The probationer failed to attend and complete intake/assessment with Guam Behavioral Health & Wellness Center (GBHWC). Mr. Rabago was a "no show" on March 23, 2022 and failed to report back to date.
> 4) The probationer failed to make any payments towards his court cost of $80.00.

2nd Violation Report (May 3, 2022).

10.     At the May 6, 2022 Continued Status Hearing, despite being served with a Summons, Defendant failed to appear. Based on the failure to appear and the 2nd Violation Report, the Court issued a Bench Warrant and set bail at $500.00. Minute Entry (May 6, 2022); Bench Warrant (May 9, 2022).

11.     On February 28, 2023, the Defendant was located and returned to the Court. The Return of Warrant indicated that Defendant was arrested pursuant to his Bench Warrant. Return of Warrant (Feb. 28, 2023). The Court committed the Defendant pending hearing on the Return of Warrant.

12.     At the Return of Warrant hearing on March 2, 2023, Defendant informed the Court that he understood that he had to get his conditions completed and that he has transportation problems. Defendant informed the Court that he had a reliable way to be contacted and requested another opportunity to complete the terms of his probation. The parties agreed to a second extension of his probation until March 2, 2024 in order for Defendant to show his compliance with the terms of his probation upon release. The Court released the Defendant and

instructed him to check in with the Probation Office the following day upon release. A Further Proceedings Hearing was scheduled for May 5, 2023. Minute Entry (March 2, 2023).

12. On March 3, 2023, the Probation Office filed an Informational Report detailing the Defendant's outstanding conditions in this matter. The Informational Report stated that the Defendant was ordered to report to Client Services and Family Counseling (CSFC) for intake and assessment for treatment. In addition, the Probation Office noted that the Defendant was ordered to pay $80.00 in court costs and restitution, if any.

13. On April 20, 2023, the Court issued a Notice of Rescheduled Hearing, rescheduling the May 5, 2023 hearing from 9:00 a.m. to 3:00 p.m.

14. At the May 5, 2023 Further Proceedings Hearing, the Defendant failed to appear. The Court issued a Summons for Defendant to appear at a Status Hearing to be held on June 2, 2023. Minute Entry (May 5, 2023); Summons (May 16, 2023). On May 30, 2023, an Affidavit of Non-Service was filed stating that the marshals were unable to serve the Defendant. Affidavit of Non-Service (May 30, 2023).

15. On June 9, 2023, the Court issued a Notice of Rescheduled Hearing rescheduling the June 2, 2023 hearing to June 30, 2023 due to Typhoon Mawar. On that same date, the Court issued a Summons to the Defendant to appear at the June 30, 2023 Further Proceedings hearing. Summons (Re-Issued) (June 9, 2023).

16. The Defendant appeared at the June 30, 2023 hearing. The Probation Office informed the Court that the Defendant last reported in March 2023, and that all conditions of probation remained outstanding. The Court reminded the Defendant to report to Client Services and Family Counseling and to the Probation Office.

17. On August 11, 2023, the Probation Office filed a 3rd Violation Report alleging that:

> 1) The probationer failed to report to the Probation Office once a month in person. The probationer last reported on March 3, 2023. Attempts made to contact the probationer via telephone were unsuccessful.
> 2) The probationer failed to attend and complete intake/assessment with Client Services and Family Counseling (CSFC). Mr. Rabago was a "no show" on March 17, 2023 for his appointment.
> 3) The probationer failed to make any payments towards his court cost of $80.00.

3rd Violation Report (Aug. 11, 2023).

18. On August 15, 2023, the Probation Office submitted a Petition for Warrant or Summons for Defendant Under Supervision based on the 3rd Violation Report. Petition (Aug. 15, 2023).

19. On August 15, 2023, the Court issued a Warrant of Arrest for the Defendant in the amount of $500.00 based on the 3rd Violation Report. Warrant of Arrest (Aug. 15, 2023).

20. On June 24, 2024, the Defendant was located and returned to the Court. The Return of Warrant indicated that Defendant was arrested pursuant to his Warrant of Arrest. Return of Warrant (June 24, 2024). The Court committed the Defendant pending hearing on the Return of Warrant.

21. At the Return of Warrant hearing on June 25, 2024, the People informed the Court that the Defendant had a new charge in CF0423-24 for Possession of a Schedule II Controlled Substance. The People informed the Court that a motion to revoke the Defendant's probation would be filed. The Court set a briefing schedule on the motion and a motion hearing for August 2, 2024. The Court committed the Defendant pending resolution of the motion to revoke the Defendant's probation.

22. On July 1, 2024, the Probation Office filed a 4th Violation Report alleging that:

> The probationer failed to obey all the laws of Guam. On June 22, 2024, the probationer appeared before the Magistrate Judge in reference to CF0423-24, and charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). The probationer was remanded to the Department of Corrections on a three-thousand-dollar ($3,000.00) cash bail.

4th Violation Report (July 1, 2024).

23. On July 9, 2024, the People filed their Motion to Revoke Probation.

24. On July 16, 2024, the Court issued a Penal Summons to Defendant to answer to the 3rd Violation Report and 4th Violation Report filed with the Court.

25. On July 16, 2024, the Court issued a Penal Summons to Defendant informing him that the People moved to revoke his probation.

26. On July 23, 2024, the Defendant filed his Response to the Motion to Revoke Probation.

27. At the hearing on the Motion to Revoke Probation, the People relied on the arguments put forward in their Motion. The Defense Counsel acknowledged the violations of probation; informed the Court that the Defendant's shortcomings were the result of Defendant's lack of transportation; argued that the circumstances did warrant revocation as the revocation would not satisfy the ends of justice; and requested if probation is revoked, that the Court consider a sentence of less than one (1) year. The People stated that although they request that the Court impose the sentence in the Judgment, they conceded that the Court had the discretion to determine the sentence to be imposed.

28. After hearing from the parties, the Court informed the parties that the Court would take the 1st, 2nd and 3rd Violations into consideration for purposes of the Motion to Revoke Probation and would disregard the 4th Violation.

29. Based on the arguments and evidence presented, the Court took the matter under advisement.

## DISCUSSION

### A. Defendant Received Notice and an Opportunity to Be Heard Before Revocation.

The Court may not order revocation of probation unless the offender is provided with written notice of the grounds for revocation of probation. 9 G.C.A. § 80.68(a). At the revocation hearing, the offender "shall have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.*

Here, the Defendant was served with a Penal Summons informing him that the People moved to revoke his probation based upon his repeated violations of his probation conditions as reflected in four (4) violation reports filed on January 27, 2021, May 3, 2022, August 11, 2023, and July 1, 2024. The violations include, but are not limited to, his alleged failure to complete the terms of his Plea Agreement and Judgment, including failure to report to the Probation Office on a monthly basis in person, failure to complete intake and assessment at Client Services and Family Counseling as well as Guam Behavioral Health and Wellness Center, the failure to pay Court costs, and the failure to obey Guam law. The Penal Summons instructed the Defendant to attend the revocation hearing on August 2, 2024 and that at the hearing he may cross-examine the People's witnesses and present evidence in opposition to the People's Motion.

At the revocation hearing on August 2, 2024, the Court allowed Defendant an

6

opportunity to present his opposition. Therefore, Defendant properly received notice of the grounds for revocation and was provided with an opportunity to present his opposition.

### B. Defendant Violated Substantial Conditions of His Probation.

Guam law specifies the procedures that the Court must follow for revocation of probation as follows:

> [T[he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension of probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2). Under this statute, probation revocation is a two-step process. First, the Court must make a factual determination that Defendant has violated a substantial condition of his probation. *People v. Camacho*, 2009 Guam 6 ¶ 27.

Pursuant to Defendant's Plea Agreement and Judgment, Defendant agreed, *inter alia*, to the following conditions of probation:

> 1) To pay Court costs
> 2) To report to Client Services and Family Counseling for intake and assessment
> 3) To report to Probation once a month in person, or as ordered by the Court of the Probation Office

Plea Agreement, at 2-3 (April 23, 2019); Judgment of Conviction (Guilty Plea Agreement) (June 10, 2019).

As of the date of the revocation hearing, the Probation Office informed the Court that Defendant:

> 1) Failed to report to the Probation Office once a month in person.
> 2) Failed to attend and complete intake/assessment with Client Services and Family Counseling (CSFC).
> 3) Failed to make any payments towards his court cost of $80.00.[1]

---

[1] The Probation Officer informed the Court that restitution, if any, was outstanding. The Court notes that the People did not file a Restitution Report in this matter so no restitution is due in this case. Further, although the 1st Violation and 2nd Violation referenced the Defendant's failure to go to Guam Behavioral Health and Wellness Center ("GBHWC") for intake and assessment, the Court clarified at the revocation hearing that Defendant was only obligated to go to GBHWC if referred by Client Services and Family Counseling.

Thus, after over five (5) years on probation, out of all the conditions of Defendant's probation, Defendant has completed *none* of the conditions. At the revocation hearing, Defendant did not dispute that he has failed to complete the conditions of probation. Although he stated that his failure to complete the conditions were excusable—because he did not have reliable transportation—the Court does not find that unreliable transportation excuses the Defendant's failure to meet *any* of his conditions after five (5) years. Min. Entry, 9:45 AM (Aug. 2, 2024).

Therefore, this Court finds that Defendant has inexcusably violated substantial conditions of his probation by failing, after over five (5) years, to report to the Probation Office once a month in person, to pay Court costs, and to report to Client Services and Family Counseling for intake and assessment.

### C.    Defendant's Violations Warrant Revocation.

Pursuant to 9 G.C.A. § 80.66(a)(2), the Court may revoke probation if it finds that revocation will "best satisfy the ends of justice and the best interests of the public." Therefore, the second step in a revocation of probation proceeding is a determination whether the violation warrants revocation. *Camacho*, 2009 Guam 6 ¶ 27. "The goal of a [probation] revocation hearing is . . . to determine whether the defendant remains a good risk for probation." *People v Manila*, 2005 Guam 6 ¶ 3. Probation is not a right to which a defendant is entitled, but rather a favor granted by the state. *Camacho*, 2009 Guam 6 ¶ 26.

The chronology of this case persuades the Court that Defendant no longer remains a good candidate for probation. Since the 1st Violation Report was filed by the Probation Office on January 27, 2021, Defendant has failed to consistently report to the Probation Office on a monthly basis in person. Aside from failing to appear at the Probation Office, the Defendant has not made any attempt to fulfill any other conditions of probation. Defendant's failure to appear has required the expenditure of judicial resources to execute three (3) warrants, dated March 19, 2021, May 9, 2022 and August 15, 2023, in order to bring the Defendant before this Court as *each* time the Defendant is released, as the Court must inevitably issue a warrant in order to bring him back before the Court. At the first and second return of warrant hearings, the Defendant was admonished to report to the Probation Office and to take steps towards the completion of his probation.

Regarding the agreed upon conditions of his probation, Defendant completed no conditions during the initially agreed upon two (2) year probationary term. Despite extensions of the Defendant's probationary term, the Defendant has demonstrated that he can no longer be trusted to complete the conditions of his probation. In light of the record, it is highly unlikely that, if given an extension of probation, Defendant would comply with the conditions of his probation and the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. *See* 9 G.C.A. § 80.66(a)(2).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the People's Motion to Revoke Probation and **ORDERS** that the Defendant's probation in the above-captioned matter is hereby **REVOKED**. In accordance with the Judgment and 9 GCA §80.66(a)(2), the Court hereby **RE-SENTENCES** the Defendant as follows:

> As to the charge of VIOLATION OF A COURT ORDER (As a Misdemeanor) in CM0039-19, Defendant is sentenced to serve **one hundred eighty (180) days of imprisonment** at the Department of Corrections, Mangilao, with credit for time served, both pretrial and post-judgment credit.

> As to the charge of HARASSMENT (As a Petty Misdemeanor) in CM0293-18, Defendant is sentenced to serve **sixty (60) days of imprisonment** at the Department of Corrections, Mangilao, with credit for time served, both pretrial and post-judgment credit, to be served concurrent with above sentence.

All other conditions of probation reflected in the Judgment are waived.

**SO ORDERED** this 7th day of August, 2024.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

9